## MORGAN v. BRYANT.

No. 4771.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Boone & Boone, of Many, for appellant.

Pickett & Moore, of Many, for appellee.

DREW, Judge.

The facts in this case are as follows:

Plaintiff was employed by defendant to work as a roughneck in drilling an oil well in Sabine parish, La. The agreement between them was that plaintiff was to receive his board, only, if the well was not a producer. If it was a producer, he was to receive for his labor double the customary wage for such work in the Sabine parish oil field. The well was completed as a commercial well. Defendant failed to pay plaintiff, and he has filed this suit under the provisions of Act No. 161 of 1932, alleged a lien and privilege, and provisionally seized certain property of the defendant unnecessary to enumerate here, for the reason that there is no contest as to the provisional seizure.

Plaintiff claims defendant owes him under said contract of employment $544.45, consisting of the following items:

| | |
|---|---|
| 31 days, 10 hours per day, at $8.00.. | $248.00 |
| 42 days, 12 hours per day, at $10.00.. | 420.00 |
| 17 nights, 6 hours per night, at $5.00.. | 85.00 |
| Total .................. .......... | $753.00 |
| Less advances in cash and board.... | 208.55 |
| | $544.45 |

He alleged the customary wage to be $4 per 10-hour day and $5 per 12-hour day.

Defendant contends there was no customary wage for this kind of work in this field, that different operators paid different amounts, and that, since there was no customary wage, plaintiff cannot recover. There is no merit in this contention, and we find that the evidence fairly discloses the customary wage for roughnecks in the Sabine parish oil field to be as alleged by plaintiff.

There is little dispute over the number of days that plaintiff worked. Defendant's time sheet gives him 26 days of 10 hours each in January. Plaintiff claims 28 days in January. Defendant's time sheet agrees with plaintiff's testimony that he was employed and began work on January 3, 1933. It is not disputed that he worked seven days per week. There is no explanation as to why the time sheet kept by defendant failed to show that plaintiff worked on January 7, 9, and 22. Plaintiff contends that he worked these days.

The lower court so found, and we cannot say it was incorrect.

Defendant in his brief has the following to say: "It will be noted that the dispute in the hours of labor performed by plaintiff consists of seven 10-hour days claimed by him from January 3, 1933, to January 9, 1933, inclusive, and five 6-hour nights claimed by him for watching the rig."

The time sheet filed by defendant shows that plaintiff worked 10 hours per day on January 3, 4, 5, 6, and 8. Therefore defendant's contention in his brief is incorrect. As to the five 6-hour nights for watching the rig, we think defendant is correct in his contention, as the evidence clearly shows there was to be no pay for that service, and defendant is entitled to deduct from the claim of plaintiff the $25 claimed for that service.

Attached to defendant's answer is a statement, which he claims to be correct, showing the amount of cash, board, and other advances made to plaintiff, which totals $237.20. In this amount we find an item of $30 which does not belong there, being pay for services rendered by plaintiff for which he is not suing, leaving the deductions to be made, according to defendant's claim, $207.20. Plaintiff has alleged a deduction of $208.55. We find no material difference there.

The only remaining question is, Should the deductions for board and other advances be made from the customary wage before it is doubled? We think not. The contract was that, if a producing well was made, plaintiff's wage should be double the customary wage; therefore, when the well was made, his wages were fixed at double the customary wage, and from this amount the deductions for board, etc., will be taken. Summarizing, we have the following:

| | |
|---|---|
| 31 days, 10 hours per day, at $8.00.. | $248.00 |
| 42 days, 12 hours per day, at $10.00.. | 420.00 |
| 12 nights, 6 hours per night, at $5.00.. | 60.00 |
| Total ...................... | $728.00 |

Less $208.55 admitted to have been advanced for cash, board, etc., by defendant, leaving a balance of $519.45. This amount plaintiff is entitled to recover.

The fact that other employees working with plaintiff settled for a lesser amount has no material bearing on plaintiff's claim.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be amended by reducing the amount of the

award to plaintiff from $524.25 to $519.45, and, as so amended, the judgment of the lower court is affirmed; cost of appeal to be paid by appellant.